IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)    LORAINE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  CIV-15-737-D |
| v. | ) | |
| | ) | |
| (1)    BALON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, LORAINE HOWARD, files this action against Defendant and by way of original complaint against Defendant alleges the following:

**I.  Nature of Action**

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq*. As redress for Defendant's violation of the FMLA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, liquidated damages, damages for emotional distress and attorney fees and costs.

**II.  Jurisdiction and Venue**

2.1    This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.2     At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3     Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.4     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

### III. Parties

3.1     Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     At all times material to this action, Defendant has been and is a domestic for profit corporation under the laws of the State of Oklahoma and service of process may be made upon Defendant by serving its registered agent: Donald Kyte, 3245 S. Hattie Ave., Oklahoma City, OK  73129.

## IV.  Background Facts

4.1     On or about May 2008 Defendant hired Plaintiff for the position of machinist.

4.2     Throughout her employment she always met or exceeded her performance expectations.

**FMLA – Qualified Leave**

4.3     After experiencing symptoms in her back, Plaintiff obtained professional treatment.

4.4     On March 24, 2015, Plaintiff's health care provider performed X-rays of her back and removed her from work effective March 24 – 26.   At her March 26 follow-up evaluation, Plaintiff's physician extended her removal from work to March 30.

4.5     During her absence and before each shift, she called into Defendant's published number to report her absences related to her back and as part of her treatment. Plaintiff had the physician's notes taking her off work March 26 – 30 personally delivered to Defendant's H.R.

4.6     Plaintiff met Defendant's policy in advising and arranging for her absence due to her back.

4.7     Plaintiff's leave from work as directed by her health care provider for her back treatment was FMLA – qualified leave.

**Termination at End of FMLA-Qualified Leave**

4.8     Plaintiff returned to work March 30, 2015.  After working part of her shift, a Human Resources representative terminated Plaintiff's employment.

4.9     Prior to her termination Defendant never communicated to Plaintiff FMLA eligibility, oral or written, for absences, related to her back condition.

### COUNT I:   FMLA

**(Interference, Restraint or Denial of FMLA rights)**
**(Retaliation for Requesting and taking FMLA leave)**

5.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.9 of this Original Complaint.

5.2     Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

5.3     All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

5.4     At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by Defendant's action and omissions including but not limited to the following:

      a.   Failing to advise Plaintiff of eligibility to take FMLA leave within 5 days of knowledge of possible FMLA qualifying reason and reasons for non-eligibility. 29 C.F.R. § 825.300 (b) (1) and (2) and (c)(6)(d);

b. Failing to "inquire further of the employee or the spokesperson to ascertain whether leave is potentially FMLA-qualifying". 29 C.F.R. § 825.301 (a);

c. Failing to engage in discussions with Plaintiff concerning FMLA qualified leave and documenting a coverage decision. 29 C.F.R. § 825.301 (c);

d. Failing recordkeeping requirements under the FMLA;

e. Failing to conditionally designate absences as FMLA leave;

f. Terminating Plaintiff's employment upon return from FMLA qualified leave and by failing to rehire or reinstate Plaintiff to her position with all benefits;

5.5     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendant had her rights under the FMLA not been interfered, restrained or denied or been retaliated for her exercise and/or attempted exercise of FMLA rights.

5.6     In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

5.7     As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the FMLA.

2.     An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.     A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendant in violation of the FMLA.

4.     An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, she would have enjoyed had she not been terminated by Defendant in violation of the FMLA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant.

5.     Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6.     A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct;

7.     A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering,

inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

8.      A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9.      A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:     (405) 842-6132

COUNSEL FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor