IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORAINE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-737-D |
| ) | |
| BALON CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are Plaintiff's Motion to Strike Inadmissible Evidence in Defendant's Motion for Summary Judgment [Doc. No. 20] and Plaintiff's Motion to Strike Affidavit in Defendant's Reply to Motion for Summary Judgment [Doc. No. 25]. Defendant has timely opposed both Motions, which are fully briefed.[1]

By the first Motion, Plaintiff seeks to exclude from the summary judgment record two exhibits submitted by Defendant from its personnel records regarding Plaintiff: Exhibit No. 6, Employee Activity Report [Doc. No. 16-6]; and Exhibit No. 8, Employee Attendance Details [Doc. No. 16-8]. Plaintiff contends these exhibits contain entries that summarize alleged observations about Plaintiff and statements by or about her, and the entries lack authentication and constitute inadmissible hearsay.

By the second Motion, Plaintiff seeks to exclude the Affidavit of Holly Siderits, which Defendant submitted in response to Plaintiff's first Motion and in reply to her summary judgment response (which incorporates the Motion). Ms. Siderits is a human resources

---

[1] Plaintiff did not file reply briefs within the time period authorized by LCvR7.1(i).

representative for Defendant, and she explains in her affidavit how Defendant's personnel files are compiled and maintained. She also provides information to authenticate Exhibit Nos. 6 and 8, and show they are business records of Defendant that are part of Plaintiff's personnel file on which Defendant relied in its employment decisions. Plaintiff contends Ms. Siderits' affidavit was improperly presented in a reply brief because it does not respond to new factual matter raised in Plaintiff's response.

Plaintiff's hearsay objection to Defendant's summary judgment exhibits lacks merit.[2] The materials that may be considered in ruling on a motion for summary judgment are determined by Fed. R. Civ. P. 56, not the Federal Rules of Evidence. A permissible objection under Rule 56 is "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). On the present record, it appears Exhibit Nos. 6 and 8 were part of Defendant's personnel records regarding Plaintiff. The information contained in them could be presented from the admission of the records or the testimony of competent witnesses. Thus, hearsay is not a viable objection.

Similarly, Plaintiff's objection to Ms. Siderits' affidavit is unsupported by legal authority and lacks merit. Plaintiff concedes that "[a]ffidavits and declarations may accompany a reply brief when they relate to new disputes arising during briefing." *See* Pl.'s Mot. Strike Aff. [Doc. No. 25], p.2 (citing cases). The Court recognizes that the submission of new material in a summary judgment reply brief is discouraged, but it may properly be

---

[2] Ms. Siderits' affidavit effectively moots Plaintiff's authentication objection.

considered if the party opposing summary judgment is given an opportunity to respond. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Plaintiff initially responded by filing her Motion to Strike Affidavit. She has not requested a further opportunity to respond, even though Defendant's Motion for Summary Judgment has been fully briefed for some time. Accordingly, the Court finds that Ms. Siderits' affidavit may properly be considered, if necessary, in ruling on Defendant's Motion for Summary Judgment.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Inadmissible Evidence in Defendant's Motion for Summary Judgment [Doc. No. 20] and Plaintiff's Motion to Strike Affidavit in Defendant's Reply to Motion for Summary Judgment [Doc. No. 25] are DENIED.

IT IS SO ORDERED this 30th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] A district court avoids the issue identified in *Beaird* if the court does not rely on new material included in a reply brief. *See Green*, 420 F.3d at 1197 & n.7; *Beaird*, 145 F.3d at 1164-65; *see also Jencks v. Modern Woodmen*, 479 F.3d 1261, 1268-69 (10th Cir. 2007).

3